UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WENDELL BROOKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5752** |
| **MARLIN GUSMAN, SHERIFF** | **SECTION "N"(4)** |

**REPORT AND RECOMMENDATION**

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual Summary**

The Plaintiff, Wendell Brooks ("Brooks"), a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman. In this lawsuit, Brooks complains of the allegedly untimely evacuation of inmates from the Orleans Parish Prison ("OPP") and the unsafe conditions of confinement he endured during Hurricane Katrina.

Brooks alleges that he was housed at OPP on August 29, 2005, and that Sheriff Gusman failed to evacuate the inmates during the approach of Hurricane Katrina. Brooks further alleges that inmates were left in the prison for the first day of the storm without any assistance from prison

officials. He complains the conditions of his cell were deplorable as a result of the storm, with rising flood waters causing sewage to backup into the cells and electrical outages causing the ventilation and air conditioning systems to fail.

Brooks alleges that Sheriff Gusman, as the custodian of the jail, had the responsibility to house and maintain the inmates safely and to ensure their well-being. Brooks contends that, rather than meeting that responsibility, Sheriff Gusman and his staff simply abandoned the inmates and left them in life-threatening conditions.

Brooks further alleges that when he and the other inmates were finally removed from OPP on August 30, 2005, and taken to the Broad Street Bridge, they continued to be subjected to inhumane treatment for another three days. He complains that, during that period, he was not given food or water or provided medication for his asthma and high blood pressure.

**II.** **Standards of Review**

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c), the Court is required to screen complaints concerning prison conditions filed by prisoners proceeding *in forma pauperis* and to dismiss those complaints *sua sponte* if they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a

category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.

**III.    Review for Frivolousness**

Brooks complains that, as the result of the failure to evacuate the OPP inmates prior to the landfall of Hurricane Katrina, he suffered fear and anxiety and had to endure the untimely and negligently performed subsequent evacuation. He therefore contends that the timing and manner of the evacuation constituted cruel and unusual punishment.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). However, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Although Sheriff Gusman is the custodian of the inmates at OPP, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Rather, Sheriff Gusman may be held liable under § 1983 only if he was personally involved in depriving Brooks of his constitutional rights or if a causal connection exists between an act of Sheriff Gusman and the alleged constitutional violation. *See Douthit v. Jones*, 641 F.2d 345,

346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

In the instant case, Brooks does not allege that Gusman was personally involved in the acts about which he complains or in the evacuation process itself. He has not alleged that Sheriff Gusman was personally involved in his movement within the prison or in transporting him through the flood waters to the Broad Street bridge.

Furthermore, to the extent Brooks asserts that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Allegations amounting to negligence simply cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indept. School Dist.*, 975 F.2d 137, 142 (5th Cir. 1992) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a *constitutional* tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.") (emphasis in original), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994).

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth

4

Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). In this case, Brooks has made no such showing of an intentional indifference to a known risk to his safety by Sheriff Gusman during the unprecedented flooding resulting from the levee breaches after Hurricane Katrina.

Brooks has also failed to allege that the temporary conditions caused by the Hurricane violated his constitutional rights. In order to prove that the conditions of his confinement violated the Constitution, an inmate must show that, from an objective standpoint, he was denied "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 647-48.

In sum, Brooks has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific need, or the temporary conditions of the prison during the unprecedented events resulting after Hurricane Katrina, one of the largest disasters that the United States has experienced in its history. Brooks recognizes that the officials realized the risk of harm caused by the rising waters and successfully evacuated the inmates from the prison, albeit under difficult and unpleasant circumstances. Without allegations or some evidence of deliberate indifference, Brooks's claims against Sheriff Gusman should be dismissed as frivolous and

otherwise for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e) and § 1915A and 42 U.S.C. § 1997e.

## IV. Recommendation

It is therefore **RECOMMENDED** that Wendell Brooks's § 1983 claims against Orleans Parish Criminal Sheriff Marlin Gusman be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 30th day of December, 2008.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**